IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  04-cv-1657-WYD-MJW

CINDY L. MUIR,

     Plaintiff(s),

v.

HEALTH CARE SERVICE CORPORATION, a Mutual Legal Reserve Company, and United Airlines Medical and Dental Plan,

     Defendant(s).

**ORDER**

I.     INTRODUCTION

     THIS MATTER is before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment and Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment, filed February 28, 2005.  Defendants first seek to dismiss Plaintiff's claim for breach of contract on the basis that it is preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq ("ERISA").  Defendant's Motion for Summary Judgment requests judgment as a matter of law on Plaintiff's second claim for relief under ERISA's civil enforcement section.

     The Court has considered the Memorandum in Support of Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment, Plaintiff's Response to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. 12(b)(6), Defendants' Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6),

Plaintiff's Response to Defendant's Motion for Summary Judgment, and Defendants' Reply in Support of Motion for Summary Judgment.  For the reasons stated below, I grant Defendants' Motion to Dismiss and grant in part and deny in part Defendants' Motion for Summary Judgment.

II.     Defendants' Motion to Dismiss

A motion to dismiss should be granted if, accepting all well-pleaded allegations as true and drawing all reasonable references in favor of plaintiffs, it appears beyond doubt that no set of facts entitle plaintiffs to relief.  *See Tri-Crown, Inc. v. American Fed. Sav. & Loan Ass'n*, 908 F.2d 578, 582 (10th Cir. 1990).  Defendant alleges that Plaintiff's breach of contract claim must be dismissed because it is preempted by ERISA.  (Defs.' Mem. in Support at 3.)  Interestingly, Plaintiff states that she "has always agreed that her claims are governed by the Employee Retirement Income Security Act of 1974 . . . ("ERISA")."  (Pl.'s Resp. to Def.'s Mot. to Dismiss at 1.)  Further, Plaintiff claims that she has not made a common-law breach of contract claim and that she is not seeking extra-contractual damages.  (*Id.* at 2.)

Plaintiff's statements in her Response are inconsistent with how she pleaded her claims in her Amended Complaint.  In the Amended Complaint, Plaintiff asserts two claims for relief; the first is a breach of contract claim and the second is for violations of ERISA, §§ 29 U.S.C.A. 1132, et seq.  (*See* Pl.'s Am. Compl. at 5-7.)  As pleaded, the breach of contract claim is distinct from the ERISA violations claim.  The Supreme Court has ruled that breach of contract claims are preempted by ERISA.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48 (1987). Because Plaintiff stipulates in her Response that all her claims are governed by ERISA and because I find that position is consistent

with the law, I grant Defendants' Motion to Dismiss as to Plaintiff's first claim of relief.

III.   Defendants' Motion for Summary Judgment

Summary judgment may be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  "The burden of showing that no genuine issue of material fact exists is borne by the moving party." *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  When applying this analysis, the court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quoting *Martin v. Kansas*, 190 F.3d 1120, 1129 (10th Cir. 1999)).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* (quoting *Martin*, 190 F.3d at 1129).

In the present case, Plaintiff is a flight attendant who is on leave from United Air Lines.  She has medical benefits through United Airlines Medical and Dental Plan ("Plan") and has received benefits under the Plan for treatment of multiple sclerosis and other conditions.  The plan covers both acupuncture and physical therapy, and specifically provides for fifteen acupuncture visits per condition but not for "maintenance care."  The parties agree on these facts.[1]  Defendants state that the "Plan has already

---

[1] The Court notes that Plaintiff's Statement of Additional Disputed Facts is not supported by evidence as required in the Court's procedures and/or is mere argument.  Accordingly, those statements were not considered by the Court.

paid for more than 15 acupuncture visits for Plaintiff's condition." (Mem. in Supp. of Defs.' Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Mot. for Summ. Judg., Defs.' Statement of Undisputed Facts at ¶ 8.)  Plaintiff, however, denies this, stating that "Plaintiff suffers from multiple conditions including those caused by multiple sclerosis." (Pl.'s Resp. to Def.'s Mot. for Summ. Judg., Resp. to Undisputed Facts at ¶ 8 and Exs. 1-9.)  Because Plaintiff has provided evidence that she may be suffering from more than one condition and that the Plan Administrator's decision that her sole condition is multiple sclerosis may not be reasonable, I find that a genuine issue of material fact exists and that summary judgment is not appropriate on Plaintiff's claims for acupuncture benefits.

On the issue of standard of review, the parties do not dispute that the Plan Administrator has discretionary authority to determine eligibility for benefits and construe the terms of the Plan, requiring at least an arbitrary and capricious standard of review.  However, I find that there may be a genuine issue of material fact as to whether there is a conflict of interest necessitating a less deferential "sliding scale" standard of review of the Administrator's decision.  *See Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1004 (10th Cir. 2004).

I further find that summary judgment is appropriate on Plaintiff's claim for denial of physical therapy benefits, because Plaintiff failed to exhaust her administrative remedies and failed to present any evidence as to the futility of pursuing administrative remedies for her physical therapy claims.  In that regard, her argument points only to the denial of benefits as to her acupuncture claims.

I also find that summary judgment is appropriate as to Plaintiff's claim for

damages based on breach of fiduciary duty to the extent they seek nonequitable relief as well as on claims for extra-contractual damages and punitive relief. *See generally Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985). *See also Lafoy v. HMO Colorado*, 988 F.2d 97, 100 (10th Cir. 1993); *Zimmerman v. Sloss Equip., Inc.*, 72 F.3d 822, 828 (10th Cir. 1995). These remedies are not permitted under ERISA, and Plaintiff does not dispute this. To the extent Plaintiff may have alleged equitable relief in connection with a breach of fiduciary duty, Defendant's Motion for Summary Judgment is denied. See *Varity Corp. v. Howe*, 516 U.S. 489 (1996).

Finally, I find that there is a genuine issue of material fact with regard to Plaintiff's penalty claim and that summary judgment is not appropriate on this issue.

IV.    CONCLUSION

For the foregoing reasons, it is

ORDERED that Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's first claim of relief only. It is

FURTHER ORDERED that Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART** as to the ERISA claim. It is **GRANTED** to the extent it seeks to preclude Plaintiff's claims based on denial of physical therapy benefits and punitive and extra-contractual damages on the breach of fiduciary duty claim. It is **DENIED** to the extent is seeks to preclude review of Defendants' denial of Plaintiff's acupuncture benefits and to preclude Plaintiff from seeking a penalty. It is also denied to the extent Plaintiff is seeking equitable damages on her breach of fiduciary duty claim.

Dated:  September 29, 2005

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge